ROACH, *Appellant,* v. THE BOARD OF PRESIDENT AND DIRECTORS OF THE ST. LOUIS PUBLIC SCHOOLS.

1.  St. Louis : "COMMON SCHOOLS." The Board of President and Directors of the St. Louis Public Schools has control over its school funds unaccompanied by any conditions as to the kind of schools which it shall maintain, or the character and nature of the studies which it shall prescribe or allow.

    In the legislation of this State, the phrase, "common schools," means schools open and public to all, rather than schools of any definite grade, and the term "school," by and of itself, does not imply a restriction to the rudiments of an education.

2.  Public Schools : LIMITATION AS TO AGE OF PUPILS. The first section of article 10 of the Constitution of 1875, requires instruction to be given gratuitously to all persons in the State between the ages of six and twenty years. The sixth section declares that the public school fund "shall be faithfully appropriated for establishing and maintaining the free public schools      *      *      in this article provided for, and for no other uses or purposes whatever." *Held*, that the two sections, construed together, require free public schools for all persons between the ages of six and twenty years, but prohibit gratuitous instruction from the public school fund to children under the age of six years.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Charles Gibson, E. P. Johnson* and *H. S. & T. M. Lipscomb* for appellant.

*Everett W. Pattison* and *Leo Rassieur* for respondent.

RAY, J.—This is a petition in the nature of a bill of injunction against the Board of President and Directors of the St. Louis Public Schools, the object of which is to restrain the defendant from expending its revenues and resources in teaching in the schools the languages, arts, sciences and various enumerated branches of education therein specified, and also from admitting into said schools and teaching therein children under six years of age, on the ground that expenditures for said purposes are illegal and unauthorized and the damage thereby done irreparable. The plaintiff in the cause is a resident and a tax-payer in said city, and the defendant a corporation duly created and established in said city for the purposes of public education. To this petition a demurrer was successfully interposed in the circuit court, and the plaintiff appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, from which affirmance the plaintiff appeals to this court. The court by sustaining the demurrer held that it was not illegal for the defendant to expend its means for either of the purposes indicated in the petition, and this is assigned for error.

It is contended for plaintiff, first, that the schools in charge and control of defendant are common schools, where only the rudiments of an English education can lawfully be taught, and that it is not competent for the defendant to expend its revenues in teaching the branches of learning mentioned in the petition; second, that children under six years of age cannot rightfully be admitted or instructed in said schools. On the other hand, it is insisted by defendant, first, that no such restriction is imposed on the power of its school board; and that its schools are public schools, for the education and instruction of its pupils in such knowledge and intelligence as may be necessary to render them good and useful citizens; second, that the

provision for the gratuitous instruction of all persons in the State between the ages of six and twenty years, is a requirement only, and not a prohibition.

The petition states that congress, in 1831, granted certain lots, town lots and common field lots, to the inhabitants of the city of St. Louis (then a village) for the support of schools therein, to be disposed of for their use, according to the laws of the State, in such manner as the legislature thereof might direct; that by various other acts of congress and the general assembly of the State, passed from time to time, there were granted to said inhabitants for said purpose large and valuable tracts of land, and the proceeds of the sale thereof, and that large sums of the public revenue and other resources of the State were also granted to said inhabitants and to said defendant for the support of schools, as aforesaid; that in pursuance of said acts of congress, the general assembly of the State of Missouri, by an act approved February 13th, 1833, entitled "An act to establish a corporation in the city of St. Louis for the purposes of public education," and by other acts, amended and supplemented the same, by which all free white persons residing within the limits of said city, as the same then existed, or might thereafter be established by law, should be, and were thereby, constituted a body politic and corporate by the name and style of "The Board of President and Directors of the St. Louis Public Schools," etc., whereby the custody, disposition, application and expenditure of all said funds, as well as the charge, control and conduct of said schools were and are fully committed to the care and direction of the defendant for the purposes of public education in said city, subject only to such rules, ordinances and statutes as the defendant might make in that behalf, not inconsistent with the laws of the land.

From these averments of the petition it appears that the school funds of the defendant, from whatever source

**1. ST. LOUIS common schools."** derived, were originally granted for the support of schools, unaccompanied by any condition, express or implied, that said schools should be restricted to teaching the elementary branches of an English education. The power of prescribing which shall or shall not be taught in said schools rests with the legislature of the State and not with the courts. The legislature·may, from time to time, exercise this power and make such modifications and changes as in its wisdom and discretion may seem fit and proper for the purposes of the grant, subject only to the constitution of the State. This right has often been exercised, as the history of legislation on this subject abundantly testifies. The term "common" when applied to schools, is used to denote that they are open and public to all, rather than to indicate the grade of the school or what may or may not be taught therein. In the legislation on this subject they are called "public" as often as common schools. These terms seem to be used interchangeably as meaning one and the same thing.

The term "school," *ex vi termini,* does not imply a restriction to the rudiments of an education. When contrasted with the term "college" or "university," it may and ordinarily does imply a lower grade, but just where the one ends and the other begins, may not be easy to define. There is, in fact, as we all know, a great difference in the extent of education and range of learning that may be and often is taught in what are properly called common or public schools. There is also a wide difference between the range and extent of learning and erudition taught in different colleges, seminaries and universities. So far as the city of St. Louis and its schools are concerned, it appears by the petition that the power and control over the school fund, primarily bestowed upon the legislature by the original grants, has by it been conferred upon and confided to the defendant by its charter. So far as the kind of school or the character and nature of the studies therein is concerned, the charter, like the grants, is unaccompanied

with any conditions, express or implied. That whole subject is confided to the care and discretion of the defendant, subject only to the laws of the land, and we fail to see in what manner or particular these laws are violated. Indeed, the fundamental law of the land, (§ 1, art. 11, Const.,) in effect expressly declares that a general diffusion of knowledge and intelligence is essential to the preservation of the rights and liberties of the people, and to that end enjoins the establishment and maintenance of free public schools for gratuitous instruction throughout the State. The first point made by the plaintiff, therefore, is not well taken. In that particular the petition shows no cause of action, and to that extent the action of the court in sustaining the demurrer is affirmed.

As to the second point, we think differently. The provisions of the 1st and 6th sections of article 11 of the con-

2. PUBLIC SCHOOLS: limitation as to age of pupils. stitution of the State, taken together, are conclusive on this point. The 1st section in effect declares that all persons in the State between the ages of six and twenty shall be gratuitously instructed in the free public schools therein provided for, and the 6th section in like manner declares that the " public school fund," therein mentioned, shall be faithfully appropriated for establishing and maintaining the " free public schools " provided for in said article, and for no other uses or purposes whatsoever. The two sections, taken together, amount to both a requirement and a prohibition. By the first, free public schools for the gratuitous instruction of all persons in the State between the ages of six and twenty are required, but by the sixth, the funds thus dedicated to that use are prohibited from being expended for any other uses or purposes whatsoever. The expenditure by the defendant of its revenues for the purpose of admitting and instructing in said schools children under the age of six years, is a use of its funds not authorized, but forbidden, by the constitution, and in this particular the petition did state a cause of action, and to that extent the action of the

court in sustaining the demurrer was error, and its judgment in this particular is reversed and the cause remanded for further proceedings in conformity to this opinion. The authorities cited in brief of counsel properly considered, furnish no just cause for conclusions different from those reached in this opinion. All concur.