THE STATE ex rel. THE BOARD OF PRESIDENT ANL
    DIRECTORS OF THE ST. LOUIS PUBLIC
        SCHOOLS v. TRACY.

| | |
|---|---|
| 94 | 217 |
| 97 | 341 |
| 94 | 217 |
| 41a | 344 |
| 94 | 217 |
| 112 | 219 |
| 94 | 217 |
| 121 | 67 |
| 123 | 540 |
| 94 | 217 |
| 135 | 350 |
| 94 | 217 |
| 138 | 46 |
| 94 | 217 |
| 162 | 25 |
| 162 | 65 |

1.  **Mandamus :** JURISDICTION OF THE SUPREME COURT. The Supreme
Court has power to issue writs of mandamus and other original
remedial writs, and to hear and determine the same, and its juris-
diction does not depend upon the fact that it would have appellate
jurisdiction in the same matter.

2.  **School Board of St. Louis, Powers of.** The Board of Presi-
dent and Directors of the St. Louis Public Schools, though created
by a special act of the legislature, is designed to assist in carrying
out the general common-school system adopted by the state. It
has power to levy a local tax for school purposes, like the districts
throughout the counties, and is independent of the city govern-
ment, except that it is the duty of the city officers to extend, col-
lect, and turn over all school taxes duly levied by it.

3.  **Schools and School Districts:** LEVY AND COLLECTION OF
SCHOOL TAX : DUTY OF REGISTER OF ST. LOUIS : MANDAMUS. It is
the duty of the register of the city of St. Louis to perform the
duties of a county clerk in respect to the general laws of the
state, and it is his duty to receive merchants' statements (R. S.,
sec. 6318), and to extend thereon the school tax levied by the
Board of President and Directors of the St. Louis Schools (Charter,
art. 4, sec. 23; Acts 1877, p. 183, sec. 3), and a writ of mandamus
may properly be addressed to him to compel him to perform this
duty.

4.  —— : —— : MERCHANTS' LICENSE TAX. The merchants' license
tax authorized by Revised Statutes, section 6318, is a personal
property tax, and merchants' licenses are taxable for school
purposes, and the school board of the city of St. Louis has power
to levy a tax upon them.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Leo Rassieur* and *Fisher & Rowell* for relator.

(1) This court has jurisdiction. The case involves constitutional questions. (2) The writ is addressed to the proper officer. (3) The relator is, by virtue of the laws of the state, entitled to collect this tax, and the machinery for its collection has been provided therefor. R. S., sec. 6318; 2 R. S., p. 1580, sec. 20; 2 R. S., p. 1594, sec. 23; 2 R. S., p. 1558, sec. 4; *State ex rel. v. Kinney,* 48 Mo. 373.

*Leverett Bell* and *Hough, Overall & Judson* for respondent.

(1) The alternative writ should be dismissed, as being within the jurisdiction of the St. Louis court of appeals. *Britton v. Steber,* 62 Mo. 370. (2) The construction of the revenue laws of the state is not involved, but the question is, what construction should be given to the first section of the act of 1865, authorizing the school board to tax certain property. This act is not one of the revenue laws of the state. (3) Nor can jurisdiction be supported by the fact that the city register is a party defendant. The city register is not in any sense a state officer. He is strictly a city officer, and the custodian of the city records. *Britton v. Steber,* 62 Mo. 370; *State ex rel. v. Dillon,* 87 Mo. 487. Even in the collection of the state's revenue in the city of St. Louis the duties in relation thereto are performed by city officials. *State ex rel. v. Walsh,* 69 Mo. 414. Nor can the jurisdiction of this court be invoked on an allegation that the duties of the county clerk have, under the scheme and charter, been devolved upon the

city register, (4) Irrespective of the right of relator to levy the tax in question, the writ is addressed to the wrong officer, and should be dismissed on that ground alone. (5) The school board of St. Louis has no power to levy a tax upon merchants' statements. A merchant's tax is a license tax as distinguished from a property tax. *State v. Crow,* 14 Mo. 323 (separate opinion of Judge Napton); *State v. Welton,* 55 Mo. 290. The relator is limited to a property tax. Only as a license tax does the law stand the constitutional test of validity.

BLACK, J.—This is a proceeding commenced in this court by petition for a writ of *mandamus.* The cause is now before us on a motion to quash the alternative writ and to dismiss the suit for want of jurisdiction of this court to hear this cause, and upon a demurrer to the return made by the respondent.

The relator, a school corporation, created by the special act of February 13, 1833, levied a tax of four mills on the dollar on all real and personal property within the corporate limits of St. Louis for the year 1885, and caused a copy of the resolutions to be delivered to the register and to the collector of the city of St. Louis. Susan Boder had a merchant's license to do business in the city. She exhibited to the respondent, who is register of the city, a verified statement of the largest amount of merchandise which she had on hand between the first Monday in March and June, 1885, for the assessment of taxes thereon. The object of this proceeding is to compel the register to receive the statement and extend in the "merchants' tax book," the four-mill tax levied by the relator for school purposes.

1. The first question is, whether this court has jurisdiction of the subject-matter; and that it has, we entertain no doubt. Generally, the jurisdiction of this court is appellate only; but, by the constitution, it has

power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari,* and other original remedial writs, and to hear and determine the same. Like jurisdiction is given to the courts of appeals to hear and determine original remedial writs; and as the appellate jurisdiction of this court is limited to specified cases, it is argued by the respondent that this court has no power to issue, hear, and determine, writs of *mandamus,* except in those cases where it would have appellate jurisdiction, and that this is not one of them. The argument is drawn from what was said in *Britton v. Steber,* 62 Mo. 372. That was an application for a writ of *certiorari.* It was there, in substance, said, that *certiorari* in effect performed the functions of an appeal, or writ of error; that the St. Louis court of appeals had original and appellate jurisdiction in that case, and this court had no appellate jurisdiction in the particular case. The conclusion reached is as follows: "Where we are prohibited from acting upon a question of appeal or writ of error, we cannot take cognizance of it by *certiorari.*"

Conceding all that is said in that case, it can have no direct bearing upon the questions now under consideration. That case is made to stand on the ground that *certiorari* performs the office of an appeal or writ of error. In such cases the appellate court looks alone to the record of the court below; if the judgment of the lower court is regular and legal, it is affirmed, if illegal, the whole proceedings are quashed. *Mandamus,* however, is in no sense a writ of review, nor does it perform the functions of an appeal or writ of error. When addressed to a ministerial officer, as in this case, it simply commands him to perform some specific act, the performance of which is required of him by law. The grant of power to this court to hear and determine writs of *mandamus* is without qualification, and none exists in the nature of the proceeding. The practice of this court is to decline

to issue such writs, unless the case is one of more than ordinary importance.    But that is a rule of expediency, and does not affect the jurisdiction of the court.    The jurisdiction of this court to issue a writ of *mandamus* is not at all dependent upon the fact that it would have appellate jurisdiction in the same matter.

2.    The questions raised on the demurrer to the return are :   (1)  Whether the alternative writ is addressed to the proper officer, the respondent insisting that, if issued at all, it should be directed to the collector.    (2)  Whether a tax, by way of merchants' license, is a property tax, the respondent insisting that it is an occupation tax only.    For the purpose of considering the first of these questions, it will be assumed that the tax is a property tax.    It is also to be remembered that the relator receives a due portion of the general state revenue, set apart for the support of schools.    It has, like the school districts throughout the counties, power to levy a local tax for the same purpose.    In short, though created by a special act of the legislature, it is designed to assist in carrying out the general common-school system, adopted by the state. *Heller v. Stremmel*, 52 Mo. 311 ; *Roach v. St. Louis Public Schools*, 77 Mo. 484.    This corporation is not subject to the control of the city government, but independent of it ; save that it is the duty of the city officers to extend, collect, and turn over all school taxes duly levied by the board.

The act of December 19, 1865 (Acts of 1865–6, p. 272), provides :

"Section 1.    There shall be levied and collected annually, on all real estate and personal property within corporation limits of the city of St. Louis, made taxable by law for state purposes, a tax of not more than one-half of one per centum, which tax shall be paid to the corporation called 'The Board of President and Directors of the St. Louis Public Schools,' and used

and applied by said corporation in the same manner, and for the same purposes as other money belonging to said board, and in strict accordance with the provisions of the laws in relation to said corporation.

"Sec. 2. The Board of President and Directors of the St. Louis Schools shall determine the rate of taxation for each year, under the provisions of the foregoing section, by resolution, a copy of which, duly certified according to law, shall be handed to the collector of St. Louis county, and to the clerk of the county court of St. Louis county, on or before the fifteenth day of October in each year."

The eighth section of the same act declares that the assessment made for state and county taxes shall be the assessment for the school tax, and the payment shall be enforced in the same manner as provided for the collection of state and county taxes. By section 6318, Revised Statutes, 1879, concerning merchants' licenses, it is made the duty of every merchant to file a statement of the greatest amount of merchandise on hand, between given dates, with the county clerk, who "shall, on or before the first day of October next after filing of such statement, enter an abstract of such statement in a book to be provided for that purpose, to be known as the 'merchants' tax book,' which shall contain the names of the merchants, the amount of each statement, and the amount of each *kind of taxes levied thereon.*" The clerk is then required to deliver to the collector a copy of such abstract.

Thus far there can be no doubt it is the duty of the county clerk to receive the "statements" of merchants, and extend the taxes on the amount of merchandise reported. The city of St. Louis having adopted its present scheme and charter, the constitution, section 23, article 9, declares that the city shall collect the state revenue, and perform all other functions in relation to the state, in the same manner as if it were a county;

and the fourth section of article 13, of the charter, provides : " The Board of the President and Directors of the St. Louis Public Schools shall determine the rate of taxation for each year by resolution, a copy of which, duly certified according to law, shall be handed to the collector of the city of St. Louis, and to the register of said city, on or before the first day of August of each year." Section 23 of article 4, of the charter, makes it the duty of the register to do and perform all duties now required of the clerk of the county court by any general or special law not inconsistent with this section of the charter. Besides this, the third section of the act of May 2, 1877, declares : " All laws providing for the performance of any duty, service, or trust, by any county clerk, shall apply to the register of the city of St. Louis, as if such officer was specially named in such law, acts, or parts of acts." Acts of 1877, p. 187.

In view of all this legislation, and bearing in mind that the charter of the city of St. Louis is ever subject to the will of the legislature of the state, there is no room for a shadow of doubt, but it is the duty of the register to perform the duties of a county clerk in respect of the general laws of the state, including the duty of extending the state taxes on merchants' licenses, and also the school tax levied by the relator. But, as opposed to this conclusion, the respondent sets up and pleads an ordinance of the city of St. Louis, approved March 29, 1881. The leading features of this ordinance are these : Every merchant, as that term is defined by the ordinance, must procure from the city collector a license therefor ; he must furnish to the collector, between the first Mondays of March and June in each year, a statement of the largest amount of merchandise which he had in his possession at any time between those dates. On such amount, there must be levied and collected for municipal purposes in one part of the city, one-fifth of one per centum ; and in the other part, one-

tenth of one per centum. Besides this, the merchant must state the aggregate amount of sales during the year, and on this amount he is required to pay an additional tax of one dollar on each one thousand dollars of the sales. This ordinance, it is plain to be seen, has nothing whatever to do with state or school taxes. It was doubtless passed by authority of the act of 1879. R. S., secs. 6910, 6911. These sections apply only to cities having a population of over three hundred thousand inhabitants, and it is the municipal tax alone which is authorized to be levied and collected as therein and in the ordinance specified; so far as state and school taxes are concerned, the law remains just as it was before. The duty of receiving the merchants' statements, and of extending thereon the school tax, levied by the relator, rests upon the register, not the collector.

3. The Board of President and Directors of the St. Louis Schools has authority, as has been seen, to levy a tax upon "all real and personal property;" and the final question in this case is, whether a merchant's license tax is a personal property tax. Merchandise is not listed for taxation as other personal property; but, instead of this, the merchant must apply for a license to trade as such, and without which he subjects himself to a forfeiture to be recovered by indictment. He must give bond conditioned for the payment of the tax. The further provision is, merchants shall pay an *ad-valorem* tax equal to that which is levied upon real estate, on the highest amount of all goods, wares, and merchandise which they may have in their possession at any time between the first Monday of March and the first Monday of June in each year. It is this amount, furnished by a verified statement, that forms the basis upon which the various taxes are levied. The license, when issued, gives the merchant the right to engage in a mercantile pursuit; for that he pays a nominal sum, fifty cents to the clerk for issuing the license, and twenty-five cents

to the collector for approving the bond. The tax which the merchant is required to pay is another and a different thing. It is perfectly clear, from the provisions of the statute in question, that the tax is one upon the stock in trade, not upon the occupation. If a tax upon the stock in trade, it must be a personal property tax. The law adopts the method of taking the largest amount on hand between given dates as the best means of arriving at the volume of the stock in trade. The case of *State ex rel. v. Kinney*, 48 Mo. 374, was a suit upon a bond executed by the defendant for a merchant's license. The law authorized boards of education in towns and villages "to levy and collect taxes upon all property within the district." The merchant's license tax law was the same as now; and the defence was, that there was no law authorizing these school corporations to tax merchants' statements. The court, in substance, said : "No more comprehensive language could be used than is contained in both acts. * * * No exception is made, or exception provided for, in favor of merchandise, either in the acts under consideration or in the general revenue law; nor can any be implied from the peculiar mode of ascertaining the taxable value of such merchandise." The power to levy a tax upon "all real and personal property" is as comprehensive as that in the case just cited. The conclusion is and must be that the relator has the right to levy the tax in question upon merchants' licenses. The law is too plain to admit of doubt.

The motion to dismiss is overruled, the demurrer is sustained, and a peremptory writ awarded. Sherwood, J., absent. The other judges concur.