THE STATE *ex rel.* ALLEN, *Collector*, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAIL-ROAD COMPANY, *Appellant.*

Division Two, May 16, 1893.

1. **Constitution :** TAXABLE PROPERTY: MERCHANT'S STOCK: RATE FO TAXATION. Merchants' stocks of goods and merchandise, not being required to be listed by the assessor and the tax thereon forming a distinct class of itself, such property is not to be included in determining the amount of taxable property in a county in fixing the rate of taxation for county purposes under section 11, article 10 of the constitution.

2. **County Court:** TAXATION: ORDER. An order of a county court fixing the rate of taxation and making the levy, if in substantial compliance with the statute, though informal, is sufficient.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*John D. Strong* for appellant.

(1) For county purposes, not including taxes for paying valid bonded debt, the annual levy, in counties having $6,000,000, and not exceeding $10,000,000, taxable property, the rate shall not exceed forty cents per $100, and the rate shall be ascertained by the amount of taxable property therein at the last assessment for state and county purposes. Revised Statutes,

1889, sec. 7662; Revised Statutes, 1879, sec. 6807; State Constitution, sec. 11, art. 10. The rate shall be ascertained and fixed by the county court by reference to the assessment returns. Revised Statutes, 1889, sec. 7660; Revised Statutes, 1879, sec. 6805. A road tax is a tax for a county purpose within the meaning of section 7662, *supra.* Revised Statutes, 1889, sec. 7663; Revised Statutes, 1879, sec. 6818. This court has so held in *State ex rel v. Railroad,* 101 Mo. 135. (2) The evidence shows that before the completion, certification and delivery of the tax books, it was acertained and well known to the county court, and to the county clerk who certified them, that the levy for county purposes, to-wit: The ten cents levy for road purposes, was in excess of the lawful limit. The collector also knew the fact. "The defendant took the proper course, and the very laudable course, too, to tender the sum really due, and to resist the payment of the excess above the legal rate of assessment." *State ex rel. v. Railroad,* 110 Mo. 265. (3) In determining the aggregate of the taxable wealth for the purpose of fixing the maximum rate which may be levied for county purposes, the county court was bound to include in such aggregate the valuations of merchants' and manufacturers' stocks. Taxes shall be levied on all property real and personal. Revised Statutes, 1889, sec. 7503; Revised Statutes, 1879, sec. 6658. Such valuations are not excepted. Revised Statutes, 1889, sec. 7506; Revised Statutes, 1879, sec. 6660. Personal property is taxable in the county where the owner resides. Revised Statutes, 1889, sec. 7508. The term personal property includes every tangible thing subject to ownership not forming part of the realty. Revised Statutes, 1889, sec. 7510; see *State, etc. v. Tracy,* 94 Mo. 224.

## VOL. 116, APRIL TERM, 1893.          17

The State ex rel. Allen v. The Kansas City, St. J. & C. B. Ry. Co.

*John Kennish* and *S. F. O'Fallon* for respondent.

(1) Merchants' statements form no part of the annual assessment. The merchant is required to file a sworn statement with the county clerk, on the first Monday in June in each year, of the greatest amount of goods on hand at any time between the first Monday in March and the first Monday in June next preceding; and upon this statement the tax is directly levied. Neither the assessor nor the Board of Equalization ever act upon it in any manner. Revised Statutes, 1889, secs. 6896, 6899, 6900 and 7531. (2) The word "assessment" has a well defined meaning and is never used in the chapter on merchants' licenses. It is always used in the sense of an official estimate or valuation of property. Cooley on Taxation [2 Ed.] p. 351. (3) The auditor's report for 1887 and 1888, page 44, shows the assessed valuation of Holt county for year 1888 to be less than $6,000,000. The total assessed valuation of property in the state for the year 1892, amounted to more than $900,000,000 including merchandise. The phrase "all other personal property" used in auditor's reports does not include merchandise, but refers to certain miscellaneous property, given in under that head to the assessor. Auditor's Report, 1887, 1888, p. 44; Auditor's Report, 1891, 1892, pp. 316, 352, 381, 408; State Constitution, sec. 8, art. 10. Dramshop keepers are required by law to file statements the same as merchants, but such statements clearly form no part of the assessment. Revised Statutes, 1889, sec. 4573. (4) The order of the county court fixing the rate and making the levy for county purposes is a valid and legal levy. Revised Statutes, 1889, sec. 7660.

VOL. 116—2

BURGESS, J.—This is an action by the collector of Holt county and against the defendant for taxes for the year 1888, alleged to be delinquent. The petition is in the usual form. The whole amount alleged in the petition to be due and unpaid was $1,050.73, the items being as follows: For state purposes, $.01; for county purposes, $599.75; for school purposes, $450.97; total, $1,050.73.

The defendant's answer was a general denial.

The cause was tried by the court without a jury and a judgment was rendered for the plaintiff, as to the item of county revenue, which is the only issue in this appeal. Plaintiff introduced in evidence the railroad tax book of Holt county, Missouri, for the year 1888, which shows that the total valuation of defendant's property in said county, subject to taxation, for said year was $577,474.87; that the valuation of all property owned by defendant in certain incorporated towns and cities in said county, for 1888, for county and road purposes, was $2,887.42, and that defendant paid of said amount the sum of $2,287.67, leaving a balance of county and road taxes delinquent as shown by said railroad tax book, of $599.75. The defendant paid forty cents on the $100 valuation on all property owned by it in said county outside certain incorporated cities and towns and thirty cents on the $100 valuation on all its property situated in said cities and towns and refused to pay ten cents on the $100 valuation on all property owned by it outside of said cities and towns and on all its property in said cities and towns.

The evidence showed that the county court of Holt county, at the May term, 1888, found it necessary to levy fifty cents on the $100 valuation for county and road purposes and made the levy at that rate, and on August

11, 1888, ordered the taxes extended on railroad assessment at the same rate.

Defendant contends that the rate of fifty cents on the $100 valuation is illegal, for the reason that the taxable property of Holt county for the year 1888 was greater than six millions and that the county court for said year was only authorized to make a levy of forty cents on the $100 valuation. The plaintiff contends that the taxable property of Holt county in said county for said year as shown by the last assessment for state and county purposes was less than six millions, and that the county court was authorized to make a levy of fifty cents on the $100 valuation for county purposes.

The land tax book for the year 1888, introduced in evidence, shows the assessed valuation of real estate for said year to be $3,265,755; the "personalty tax book" for year 1888 shows the assessed valuation of personal property in said county to be $1,982,555; the "railroad tax book" shows the total valuation of all railroad property for 1888, as assessed by state board in said county, was $577,174.87; and total valuation of telegraph property for 1888, as assessed by state board, was $7,174.35; showing that the total valuation of the taxable property in said county for year 1888, according to the last assessment for state and county purposes, to be less than six millions, viz., $5,832,959.22.

The defendant contends that in determining whether the taxable property of the county amounts to six millions or less, the statements of merchants should be considered and counted, and introduced in evidence the "merchants' tax book" for 1888, showing that the total valuation of merchants' stocks for said year was $186,875.

There was no evidence of the valuation of merchants' stocks in said county for the year 1887, or for

any other year than 1888. The plaintiff contends that merchants' statements are not a part of the assessment and should not be counted in ascertaining the valuation of the property of the county, for the purpose of fixing the rate of taxation. Plaintiff introduced evidence showing that $100 would be a reasonable attorney's fee in this cause. The court found that the rate of fifty cents on the $100 was legal and rendered judgment for the amount found delinquent for county purposes, except $22.24 (being ten cents road taxes on certain cities and towns on a valuation of $22,246.50) also for $75.07 interest and $100 attorney's fee, and $29.85 for costs and commission, from which judgment defendant appealed.

At the request of plaintiff, the court declared the law to be as follows: "The court declares the law to be, that the county court of Holt county, after the assessor's book had been corrected and adjusted according to law, had the right, at the May term, 1888, to ascertain the sum necessary to be raised for county purposes, and to fix the rate of taxes on the several subjects of taxation, so as to raise the required sum, and if the amount of taxable property in said county according to the last assessment for state and county purposes did not exceed six million dollars, the county court had the right to fix said rate of annual tax on property for county purposes at fifty cents on the $100 valuation. And said last assessment for state and county purposes need not and should not include statements of merchants filed or required to be filed with the county clerk on the first Monday in June, 1888, of the largest amount of goods on hand at any time between the first Monday in March and the first Monday in June, 1888. And if the court finds from the evidence that the amount of taxable property in said county, according to the last assessment for state

The State ex rel. Allen v. The Kansas City, St. J. & C. B. Ry. Co.

and county purposes, did not exceed six millions of dollars, and that said court determined that the rate of fifty cents on the $100 valuation of property would be necessary to raise the amount required for county purposes for the year 1888 and fixed the rates at fifty cents on the $100 valuation, the said levy or rate was legal and proper.

"And, if the court finds that the property of defendant in said county was legally assessed and was subject to taxation in said county and that at said rate of fifty cents on the $100 valuation, any part of the taxes so assessed on said property of defendant mentioned in the petition remains due and unpaid, the finding must be for the plaintiff for the amount so remaining unpaid."

The question presented for our consideration is the correctness of this instruction. Defendant's contention is, that the last assessment for state and county purposes should include statements of merchants filed or required to be filed with the county clerk on the first Monday in June, 1888, of the largest amount of goods on hand at a time between the first Monday in March and the first Monday in June, 1888, while the court took a different view and declared the law to be otherwise, which the defendant insists was error.

If defendant's position is correct, then the assessed value of the taxable property of the county would have exceeded the sum of $6,000,000 and the rate of taxation could not have been fixed by the county court at a greater rate than forty cents, and any rate in excess of that sum was null and void. The defendant paid the amount due according to the forty cent rate, but declined to pay the balance due according to the fifty cent rate for which this suit is being prosecuted.

Section 11., article 10, state constitution, provides, that " taxes for county, city, town and school purposes

may be levied on all subjects and objects of taxation; * * * for county purposes the annual rate on property, in counties having $6,000,000 or less, shall not, in the aggregate, exceed fifty cents on the $100 valuation; in counties having $6,000,000 and under $10,000,000, said rate shall not exceed forty cents on the $100 valuation; * * * the rate herein allowed to each county shall be ascertained by the amount of taxable property therein, according to the last assessment for state and county purposes. * * * '' To the same effect is section 7662, Revised Statutes, 1889. Section 7660, Revised Statutes 1889, provides that as soon as may be after the assessor's books of each county shall be corrected and adjusted according to law, the county court shall ascertain the sum necessary to be raised for county purposes, and fix the rate of taxes on the several subjects of taxation so as to raise the required sum, and the same to be entered in proper columns in the tax book.

The merchant is required to file a sworn statement with the county clerk, on the first Monday in June in each year, of the greatest amount of goods on hand at any time between the first Monday in March and the first Monday in June next preceding; and upon this statement the tax is directly levied. Revised Statutes, 1889, secs. 6896, 6899, 6900. The merchant's goods and stock in trade never go on the assessor's books at all, nor has the assessor anything whatever to do with it. Neither the assessor or the board of equalization ever act upon it in any manner.

If the rate of taxation is to be fixed by the county court, according to the valuation of the property as it appears from the assessor's books, as provided by art. 10, sec. 11, State Constitution, and sec. 7662, Revised Statutes, *supra*, it seems clear that the statements of merchants form no part of the annual assessment, and

have no place in these books. "An assessment, strictly speaking, is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation within the district. * * * As the word is more commonly employed, an assessment consists in the two processes of *listing* the persons, property, etc., to be taxed, and of *estimating* the sums which are to be the guide to an apportionment of the tax between them." Cooley on Taxation, 351. Under the law, general levies are most generally made upon an assessment by the value of the property as it appears from the assessor's books.

The tax of merchants and dram-shop keepers, although they are required to pay an *ad valorem* tax on their stock in trade, is in the nature of a license tax, and the property upon which the taxes are thus paid do not go into and form a part of the general wealth of the county within the meaning of the revenue laws upon which taxes are levied for revenue purposes. No such property is listed by the assessor. The county court is required to fix the rate of taxation and make the levy at the May term (Revised Statutes, sec. 7663, *supra*), while merchants' statements are not to be filed until the first Monday in June of each year. The tax on merchants constitutes a separate and distinct class of itself.

The dram-shop keeper, like the merchant, is required by law to file statements under oath as to the amount of all intoxicating liquors received at his stand or shop within six months next preceding the date of such statement, upon which amount there shall be levied and collected for state purposes, an *ad valorem* tax of the same amount as that paid by merchants upon merchandise. Revised Statutes, sec. 4573, *supra*. And the tax on merchants constitutes a separate and

distinct class of itself. The state board of equalization meets in February, and the county board on the first Monday of April of each year, to correct and adjust the assessment of all property, both real and personal. The state board of assessment of railroad property meets on the third Monday of April each year, showing conclusively that the last annual assessment for state and county purposes is to be complete before the county court is required to fix the rate and make the levy at the May term.

But it is contended by counsel for defendant that the same argument which would sustain the exclusion of merchants' statements for 1887, would also exclude the valuations of railroad and telegraph property from the commutation of taxable property for the purpose of fixing the rate for county taxes. It would seem to be a sufficient answer to this contention that the law requires the state board of equalization to meet on the first Monday of April of each year for the *assessment* and equalization of railroad property; and that section 7731, Revised Statutes, *supra*, requires that the county court, upon receipt from the auditor of the certificate of the action of said board of assessment and equalization, the returns of the county assessor, etc., shall at the regular term of said court, if in session at the time, if not at an adjourned term called for that purpose, ascertain and levy the taxes for state, county and other purposes on the railroad property in such county, at the same rate as may be levied on other property, and shall make an entry thereof in the records of said court. This section of the statute expressly provides that in respect of railroad property, the levy shall be made by the county court, the evident intention of the legislature being thereby, that such property should go into and become a part of the general wealth of the county for revenue purposes. The statute contains no

such provision in regard to merchandise and stock in trade owned by merchants. And it makes no difference that the clerk of the county court is required on or before the first day of October to enter on a "merchants' tax-book" the amount of each statement, and the amount of taxes levied thereon, which shall be the same as taxes assessed for the time on real estate.

The conclusion seems irresistible that the court did not err in ruling that merchants' statements were not a part of the assessment, and should not be included in ascertaining the valuation of the property for fixing the rate of taxation.

There was no error in refusing the instructions asked by defendant. The order of the county court fixing the rate of taxation, and making the levy for county purposes, though somewhat informal, is a substantial compliance with the statute and is sufficient. Mr. Cooley in his work on taxation (2 Ed. p. 331) says: "But what is done by them (county courts) within the limits of their authority will be favorably construed, and if, where they have power to make a levy, the record shows an intent to do so, it will amount to a present levy." Measured by this rule, there can be no question in regard to it. The judgment is affirmed. All concur.