## EDGAR A. JARMAN et al., Appellants, v. SCHOOL DISTRICT OF UNIONVILLE et al.

### Division One, April 1, 1915.

MAXIMUM INDEBTEDNESS: School District: Merchant's License. In determining the amount of indebtedness a school district may incur under sections 11 and 12 of article 10 of the Constitution, the aggregate amount of merchants' and manufacturers' licenses should be considered as a part of the property subject to

taxation for the payment of such indebtedness: If the amount of the bonds to be issued, including existing indebtedness, does not exceed five per cent of the aggregate taxable value of all property in the school district, including the amount of such merchants' and manufacturers' licenses, the total indebtedness does not exceed the constitutional limitation. Merchants' and manufacturers' goods and stocks are personal property, subject to an *ad valorem* tax, and are taxed as such.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*E. A. Jarman* and *B. L. Robison* for appellants.

(1) Merchants' and manufacturers' statements form no part of the "assessment" and should not be counted in determining the amount of indebtedness a school district should incur. Constitution, art. 10, secs. 11 and 12; R. S. 1909, secs. 11623, 11646; R. S. 1879, sec. 6318; State ex rel. v. Railroad, 116 Mo. 15; Thornburg v. School District, 175 Mo. 12; Southworth v. Glasgow, 232 Mo. 108. (2) The amendment to Sec. 6899, R. S. 1889, now Sec. 11623, R. S. 1909, in 1895, has not changed the rule of the cases above cited, because sections 11 and 12 of article 10 of the Constitution prescribe the taxing powers of school districts and must be strictly construed, as must all powers of municipal corporations. 1 Dillon on Mun. Corps. (4 Ed.), 89, 509; 28 Cyc. 1575; 38 Cyc. 647; Carthage v. Light Co., 97 Mo. App. 20. And statutory enactments must harmonize with the provisions of the Constitution. Kansas City v. Thornton, 152 Mo. 570.

*N. A. Franklin, J. C. McKinley* and *Lorenzo Jones* for respondents.

(1) Under the Constitution and laws of Missouri school districts are permitted to incur an indebtedness

not exceeding in the aggregate five per cent "of the value of taxable property therein," to be ascertained by the assessment next before the last assessment for State and county purposes. Constitution, art. 10, sec. 12; R. S. 1909, sec. 10778. (2) Merchants' stocks of goods are a part of the taxable property in the district, as well as a part of the assessment for State and county purposes, and should be taken into account in determining the amount of the indebtedness that may be incurred by the school district. R. S. 1909, sec. 11623; Thornburg v. School District, 175 Mo. 28; Southworth v. Glasgow, 232 Mo. 108; Baush v. Cabool, 165 Mo. App. 486.

RAILEY, C.—The plaintiffs, who are citizens and taxpayers of the city and school district of Unionville, Putnam county, Missouri, on August 25, 1914, filed in the circuit court of Putnam county, their first amended petition against said school district, the members of the board of directors of said district, and J. T. Morgan, clerk of the county court of said county, in which they charge that at the annual election held in said school district on April 7, 1914, there was submitted to the qualified voters thereof a proposition to incur an indebtedness for thirty thousand dollars for the purpose of erecting a new school building. At said election there were cast "For the Loan" 304 ballots, and "Against the Loan" 99 ballots, thus giving more than two-thirds of the total vote cast for the incurring of the indebtedness.

It is alleged that defendants composing said board advertised for proposals for the purchase of said bonds, to be issued pursuant to said election, and have contracted for the sale of said bonds with Francis Brothers & Company of St. Louis, Missouri; that Putnam county is organized and governed under what is known as the Township Organization Law of this State.

It is alleged that the *total* taxable property in said school district on June 1, 1911, on which taxes for 1912 were levied, including merchants' and manufacturers' licenses, amounted in the aggregate to $747,197.62; that the total valuation of said property, *excluding* that under merchants' and manufacturers' licenses, was $678,757.52 for the 1911 assessment, and $686,992.62 for the year 1912; that five per cent of said amounts, the greatest sum for which the said district may become indebted, is $33,937.87 for 1911 assessment, and $34,349.63 for the 1912 assessment.

It is averred that there is already an outstanding indebtedness of said district of $5000, making a total indebtedness for said district, if said bonds for $30,000 are issued, of $35,000, which is in excess of the indebtedness said school district may lawfully incur.

It is further alleged that said board of directors are preparing to issue said bonds, to negotiate same, and to levy a tax upon the taxable property situate in said district for the purpose of creating a sinking fund for the payment of said bonds and to pay the interest on said bonds; that said county clerk is about to extend said taxes on the tax books of Putnam county, against the property of plaintiffs and others in said district, and that the issuing of said bonds would cause a multiplicity of suits.

The above petition was demurred to by defendants, for the alleged reason that it failed to state a cause of action. The demurrer was sustained; plaintiffs refused to plead further, stood upon said petition, and a final judgment was entered in due form in favor of said defendants. The cause was duly appealed to this court, and we are called upon to determine whether said petition states a cause of action.

Appellants contend that merchants' and manufacturers' statements form no part of the ''assessment'' and should not be counted in determining the

amount of indebtedness a school district might incur.

On the other hand, respondents *concede* that if the merchants' and manufacturers' licenses are to be *excluded* in *determining* the *value* of *taxable property* in the *school district,* then the proposed bond issue is in excess of the constitutional limit of indebtedness, as prescribed in sections 11 and 12 of article 10 of the Constitution of Missouri, and the cause will have to be reversed.

**School District:**
**Maximum Indebtedness:**
**Merchants' Licenses.**

In State ex rel. Kidder School District v. Kinney, 48 Mo. l. c. 375, this court, in construing the law as it stood in 1868, speaking upon this question, through Judge BLISS, said: "No more comprehensive language could be used than is contained in both acts. The one provides for entering in the merchants' tax book the amount of each kind of tax levied upon the goods, and the other provides that boards may levy taxes upon all property within the district, to be collected as state and county taxes. No exception is made, or exemption provided for, in favor of merchandise, either in the acts under consideration or in the general revenue law; nor can any be implied from the peculiar mode of ascertaining the taxable value of such merchandise."

So that, as the law existed in 1868, and of course before the present constitution was adopted, merchants' and manufacturers' licenses were subject to taxation, with other property located in the school district. The principle of the foregoing case was upheld in City of Cape Girardeau v. Riley, 72 Mo. l. c. 223, under the law as it stood prior to 1875.

In State ex rel. v. Tracy, 94 Mo. 217, 221, this court followed the ruling in State ex rel. v. Kinney, 48 Mo. l. c. 375, supra. On page 225, Judge BLACK, referring to the above case, said: "The merchant's license tax law was the same as now; and the defense was,

that there was no law authorizing these school corporations to tax merchants' statements.'' Then follows the above quotation from the Kinney case, supra. He sustained relator's right to levy the tax in question upon merchants' licenses.

In State ex rel. Allen v. K. C. St. J. & C. B. Ry. Co., 116 Mo. 15, and following, the collector of Holt county, Missouri, sued defendant for delinquent taxes for the year *1888*. A controversy arose as to whether the merchants' licenses should be considered in fixing the value of the property in said county for taxation. If included, it made the value of taxable property in said county in excess of six million dollars, and under the provisions of our Constitution only forty cents on the one hundred dollars' valuation could be levied. If the total value of said property were less than six million dollars, then fifty cents on the one hundred dollars' valuation could be levied.

In view of the subsequent change in the statutes upon this subject, we will set out section 6896, Revised Statutes 1889, which reads as follows:

''Merchants shall pay an *ad valorem* tax equal to that which is levied upon real estate, on the highest amount of all goods, wares and merchandise which they may have in their possession or under their control, whether owned by them or consigned to them for sale, at any time between the first Monday of March and the first Monday in June in each year . . .''

As section 6899, Revised Statutes 1889, was repealed (Laws 1895, p. 223, and following), we simply quote what Judge BURGESS said in reference to same, at page 22 of above volume: ''The merchant is required to file a sworn statement with the county clerk, on the first Monday in June in each year, of the greatest amount of goods on hand at any time between the first Monday in March and the first Monday in June next preceding; and upon this statement the tax is directly levied. [R. S. 1889, secs. 6896, 6899, 6900.] The mer-

chant's goods and stock in trade never go on the assessor's books at all, nor has the assessor anything whatever to do with it. Neither the assessor nor the board of equalization ever act upon it in any manner."

Judge BURGESS, on page 23 of above volume, disposed of the question under consideration, as follows: "The tax of merchants and dramshop keepers, although they are required to pay an *ad valorem* tax on their stock in trade, is in the nature of a license tax, and the property upon which the taxes are thus paid does not go into and form a part of the general wealth of the county within the meaning of the revenue laws upon which taxes are levied for revenue purposes. No such property is listed by the assessor. The county court is required to fix the rate of taxation and make the levy at the May term (R. S. 1889, sec. 7663), while merchants' statements are not to be filed until the first Monday in June of each year. The tax on merchants constitutes a separate and distinct class of itself."

He held that the merchants' licenses should *not* be considered in fixing the rate of taxation, etc. It does not appear from the above opinion that either of the other Missouri cases referred to above were considered or distinguished. As the *law,* however, has been *materially changed since the above case was decided* by Judge BURGESS, we deem it unnecessary to undertake to review the conclusions reached in that case, except in a general way.

In 1896, this court, in City of Aurora v. McGannon, 138 Mo. 45, in discussing an ordinance of said city relating to taxation, said: "The *ad valorem* tax which they pay under this system is not a license or occupation tax, but a *personal property tax,* authority to levy which is expressly given by section 1588, Revised Statutes 1889. [State ex rel. v. Tracy, 94 Mo. 217.]" See Sec. 1588, art. 5, R. S. 1889. We simply call attention to this quotation for the purpose of showing that mer-

chants' licenses are considered for the purposes of taxation as *personal property*.

The case of Thornburg v. School District No. 3, 175 Mo. 12, and following, relied on by plaintiffs, when carefully considered, sustains the action of the court below, and is opposed to the views maintained by appellants. On pages 30 and 31, Judge VALLIANT, in discussing this question, said: "It has also been decided that the value of merchants' stocks was not to be taken into account in estimating the taxable value of property in the county. [State ex rel. v. Railroad, 116 Mo. 15.] Yet merchants' stocks were included in the estimate on which the directors relied when they issued those bonds. Deducting, as we must, from $74,889 (the assessment of 1882), the railroad property, $27,292, and the merchants' stocks, $9180, only the sum of $38,417 remains as the basis on which the board of directors, if they had been so authorized by the assent of the voters, could have predicated a bond issue, five per cent on which basis would have been $1920.85. For this reason, even if the assent of the voters had been obtained, the issue of bonds to the amount of $3500 was in violation of the clause of the Constitution above quoted, and the bonds were invalid."

It will be observed from the concluding portion of said opinion, that BRACE, P. J., and MARSHALL, J., dissented from paragraph three which included the above quotation. Judge ROBINSON was absent, and hence the language above quoted simply represented the individual opinion of VALLIANT, J., and in which no other member of the court concurred. This opinion, like the others, was construing the law as it existed prior to 1895. The Legislature of this State, by an act approved March 2, 1895, Laws 1895, pp. 223, 224, repealed section 6899 of chapter 111, Revised Statutes 1889, heretofore referred to, and re-enacted a new section with the same number. As this act was soon after amended, we shall not pause to discuss the same.

The Legislature of Missouri, by an act approved March 24, 1897, amended the Act of 1895, supra, by inserting after the words "1889," and before the word "provided," in .the 57th line of said act, the words: *"and the sum of the valuation of the statements as equalized by the county board of equalization shall be included in and made a part of the total valuation of property taxable for all purposes."* (Italics are ours.)

The above acts of 1895 and 1897 were carried into the Revision of 1899, and are there known as section 8546. Said section 8546, without change, was carried into the Revision of 1909, and is there known as section 11623, and the significant language used in the Act of 1897, heretofore quoted, still appears as the law of this State. It is evident that this amendment was made in 1897 to obviate the inconsistencies which appeared from the adverse rulings of the court in respect to this subject. The Legislature evidently intended to *settle* the controversy, *by placing merchants' and manufacturers' licenses on the same footing with other property in the school district, when it became necessary to ascertain the value of all taxable property in said district.* We can see no good reason for having this class of property excluded, when it represents value, any more than any other property located within the jurisdiction of the district.

Since the amendment of 1897, supra, the Court in Banc, in the case of State ex rel. Carleton Dry Goods Company v. Louis Alt, License Collector, 224 Mo. 493, and following, reviewed to some extent the question under consideration here, but the Act of 1897, above mentioned, was not referred to in said opinion. Judge GANTT, in speaking for the Court in Banc, on pages 506-507, said: "The taxation of *merchants and manufacturers* in this State, though nominally and in form a license tax, *is, in fact, as often held by this court, a property tax,* and not merely an occupation or license tax, *and the merchants' statements furnish a*

*basis alike for State, school and municipal taxation.*
[State ex rel. v. Kinney, 48 Mo. 374; State ex rel. v.
Tracy, 94 Mo. 217; Cape Girardeau v. Riley, 72 Mo.
220; Aurora v. McGannon, 138 Mo. 38; State ex rel.
v. Ashbrook, 154 Mo. 375.] . . . In this State mer-
chandise is not listed for taxation as other personal
property, but instead the merchant must apply for a
license to trade as such, and without which he sub-
jects himself to a forfeiture to be recovered by in-
dictment. He must give bond conditioned for the pay-
ment of the tax. It is, however, provided that mer-
chants shall pay an *ad valorem* tax equal to that which
is levied upon real estate, on the highest amount of
goods, wares and merchandise which they may have in
their possession at any time between the first Monday
of March and the first Monday of June in each year. It
is this amount, furnished by a sworn statement of the
merchant, *that forms the basis upon which the various
state, county, school and municipal taxes are levied.*"

The language used by Judge GANTT in the above
case, without any reference to the amendment of 1897,
sustains the action of the trial court in holding that
merchants' and manufacturers' licenses should be tak-
en into account in determining the valuation of prop-
erty in the school district for the purposes of taxation.

In the recent case of Bauch v. Cabool, 165 Mo.
App. 486, Judge GRAY, of the Springfield Court of Ap-
peals, discussed the question under consideration here
in a very clear and forceful manner, and reached the
same conclusion as the trial court. It is insisted by
appellants that Judge GRAY predicates his opinion upon
section 11623 as amended in 1895, and that the author
of said opinion had no authority as judge of said court
to pass upon the construction of the revenue laws of
our State, under the Constitution. Counsel for ap-
pellants seem to have overlooked the fact that the law
of 1895 was materially amended in 1897, as hereto-
fore suggested. We do not deem it necessary to dis-

cuss the proposition as to whether the Springfield Court of Appeals had, or had not, jurisdiction over the matter referred to in above opinion. The reasoning, however, indulged by Judge GRAY is very persuasive, and meets with our approval.

In the case of Southworth v. Glasgow, 232 Mo. 108, the question under review here was before the Court in Banc, and Judge GRAVES, concluding paragraph five of said opinion, said: ''Under these circumstances it becomes unnecessary to discuss the question as to the merchants' assessment.'' The case was disposed of upon other grounds.

We are clearly of the opinion that the merchants' and manufacturers' licenses set out in the petition were properly considered by the trial court in determining the value of the property in said school district liable for taxation. The action of the trial court in sustaining the demurrer to appellants' petition was correct, and is hereby sustained.

The judgment of the court below is accordingly affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All the judges concur.