# THE STATE ex rel. SCHOOL DISTRICT OF WEBSTER GROVES v. GEORGE E. HACKMANN, STATE AUDITOR.

In Banc, June 3, 1922.

1. **SCHOOL DISTRICT INDEBTEDNESS: Constitutional Limit: Assessment of Merchants and Manufacturers.** In arriving at the limit of municipal indebtedness permitted by Section 12 of Article X of the Constitution the total assessed value of the property within the municipality is to be ascertained from the completed assessment thereof next before the last completed assessments for state and county purposes prior to the election for voting upon the proposition to incur the indebtedness, and such first mentioned completed assessment is to include the assessment of merchants and manufacturers' stocks made as of the same date as said completed assessment, notwithstanding the fact that under the law the assessment of merchants and manufacturers is completed and the tax paid before the completion of the rest of said assessment.

2. ———: ———: ———: **Case Adjudged.** The school district of Webster Groves on April 22, 1922, voted to increase its indebtedness by issuing bonds in the sum of $28,000. The total assessed value of taxable property in the district in 1919 was $9,606,841.30, which included merchants' and manufacturers' license in the sum of $119,300. The total assessed value of taxable property in the district in 1920 was $9,684,742.27, which included merchants' and manufacturers' license in the sum of $254,350. If the latter amount were used in arriving at the constitutional basis for the computation of the five per cent limitaton of indebtedness, instead of the former, on the theory that it was the completed assessment of merchants and manufacturers next before the last assessment prior to said election, the issue of bonds would be within the constitutional limit, otherwise not. *Held,* that this could not be done, inasmuch as the effect would be to add property to the assessment of 1919 which was not in the district on June 1, 1919, the date of the assessment for that year, and it was the completed assessment of that year, including the assessment of merchants and manufacturers for that year, which must govern.

Mandamus.

ALTERNATIVE WRIT QUASHED.

*John A. Nolan* for relator.

(1) All items of assessments which are complete and no longer subject to change by any board, either state or county, are completed assessments. State ex rel. v. Gordon, 251 Mo. 309, 310. (2) The assessment on merchants' and manufacturers' license is a completed assessment for State, county and school purposes on the first day of November, of each year, for that year, and is not thereafter subject to change by the board of equalization of either the State or county. Secs. 13067, 13071, 13102, R. S. 1919. (3) Taxation of merchants and manufacturers is a property tax, and the merchants' and manufacturers' statements furnish the basis alike for State, school and municipal taxation. Jarman v. School Dist., 264 Mo. 646; State ex rel. v. Gordon, 251 Mo. 493.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

The statute limiting the amount of a loan of a school district to five per centum of the taxable property of the district to be ascertained by the assessment next before the last assessment contemplates a completed whole assessment for a particular year. Sec 11128, R. S. 1919; Jarman v. School Dist., 264 Mo. 646; State ex rel. v. Gordon, 251 Mo. 309; Steinbrenner v. St. Joseph, 285 Mo. 318.

JAMES T. BLAIR, C. J.—This is a proceeding brought to compel the State Auditor to register certain bonds issued by relator school district. The briefs present the single question whether the aggregate of the previous district indebtedness and the indebtedness attempted to be incurred by means of the bond issue here involved exceeds the five per cent limitation imposed by Section 12 of Article X of the Constitution. The amount of the issue of which registration is sought is $28,000. The petition sets out the certificates of the county clerk which purport to show the assessed value of taxable

property in the district in 1919 and 1920. That for 1919 shows: Real estate, $7,344,820; personal property, $1,402,180; merchants' and manufacturers' license, $119,200; and railroad, telegraph and telephone, $740,641.30—a total of $9,606,841.30. That for 1920 shows: Real estate, $7,526,200; personal property, $1,468,630; merchants' and manufacturers' license, $254,350; and railroad, telegraph and telephone, $435,562.27—a total of $9,684,742.27. It is conceded that the bonds proposed for registration, when added to the previous indebtedness of the district, would make an aggregate in excess of five per cent of the total value certified by the county clerk as the value of the taxable property in the district for 1919. These bonds in question were voted April 22, 1922.

Relator's position is that while the "next before the last assessment" of realty, personalty and railroad, telegraph and telephone property is that certified as of 1919 by the county clerk, the merchants' and manufacturers' tax to be considered in arriving at the constitutional basis for the computation of the five per cent limitation of indebtedness is that certified by the clerk as of the year 1920. The only question in the case is whether this is true. If so, the bonds are valid; if not, they are invalid.

I. Counsel does not question the correctness of the decisions (State ex rel. Dexter v. Gordon, 251 Mo. 303; Steinbrenner v. City of St. Joseph, 285 Mo. 318, 226 S. W. l. c. 892) to the effect that, as used in the Constitution, the words "assessment next before the last assessment" refer to completed assessments. It is clear that the assessment as of June 1, 1921, had not been completed in April, 1922, when the vote was taken (same authorities), and the "last assessment" was that taken as of June 1, 1920, and that the "assessment next before the last assessment" was that taken as of June 1, 1919. In so far as this concerns property

*Assessment Considered: Merchants and Manufacturers.*

other than merchants' and manufacturers' stock, relator makes no question.

II.   The contention is that under Articles XVI and XVIII of Chapter 119, Revised Statutes 1919, the assessment of merchants' and manufacturers' stocks for 1920 was completed in September, 1920, and the taxes thereon collected November 1st of that year, and that the assessment of like stocks for 1921 was completed in September of 1921 and collected November 1, 1921; that, therefore, the assessment of such stocks for 1921 was, in April, 1922, the "last" completed assessment, and that that completed in 1920 was, therefore, the "next before the last" completed assessment, and, consequently, that of 1920 is the valuation of merchants' and manufacturers' stocks which goes into the valuation upon which the constitutional five per cent must be computed.

Assessments for
What Year.

(1)   The language of Section 12 of Article X of the Constitution, so far as pertinent, is: "No . . . school district . . . shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose; nor in cases requiring such assent shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the assessment next before the last assessment for state and county purposes, previous to the incurring of such indebtedness." The words "on the value of the taxable property therein" are significant.   They make it clear that the purpose was to limit the indebtedness, which might be incurred, to five per cent of the value of the property in the subdivision which proposed to issue bonds. This implies the ascertainment of the value in some way and as of sometime. The Constitution does not leave this to implication.   In

284 Mo. —13.

the same sentence it fixes the method by which the value shall be ascertained and thereby fixes the time as of which the value is to be taken for the purpose in hand. So far as concerns all property other than stocks of merchants and manufacturers, the value fixed as of June 1, 1919, goes into the constitutional basis for the computation of the five per cent limitation in its application to this case. This was the value of such property "therein," i. e. in relator district, for the purposes of this proceeding. Subsequent changes in that valuation all relate to the original date. The valuation is fixed as of that date. [1 Cooley on Taxation (3 Ed.), pp. 604, 605, 606.] Upon the same date merchants and manufacturers were required to make their return. [Sec. 13071, R. S. 1919.] These returns disclosed the value of such property "therein." The total in fact disclosed, for present purposes, the actual value of all the property in the district on June 1, 1919. It was the value of all the property which was required to be taken in computing the five per cent. The Constitution uses the assessment merely as a method by which the value of the property in a subdivision may be ascertained. This cannot be accomplished by taking the value of the real, personal and railroad, telegraph and telephone property as of June 1, 1919, and the value of merchants' and manufacturers' stocks as of June 1, 1920, and adding them together. In this case this would result in adding to the value of the property in relator district as of June 1, 1919, $135,000, which was not in the district on that date, and thereby using as a basis for the five per cent computation the value of part of the property in the district in 1919 and the value of other property which was not in the district in 1919. The result is a value which in no event could represent the property in the district at any time, unless the assessments, by mere chance, were the same.

(2) It is a completed assessment which must be taken. For the purpose of fixing the "value of the taxable property therein" with respect to any subdivision,

this means an assessment completed in every respect. The merchants' and manufacturers' assessments made in 1920 as completed, so far as they are concerned, were completed in September, but the remainder of the 1920 assessment was not completed until 1921. The same thing is true of the assessment of 1921. The fact that the merchants' and manufacturers' taxes were collected more promptly than the rest does not affect the question. It remains true that, whether these taxes are collected or not, the assessments on which they are based do not become a part of a completed assessment until the whole assessment is completed. There is a strong suspicion, strengthened by an examination of the constitutional debates, that the Convention did not have very clearly in mind the merchants' and manufacturers' valuations when Section 12 of Article X was drafted. Nevertheless, they are part of the property of the State and its subdivisions and are to be dealt with as such in this connection. [Jarman v. Dist., 264 Mo. 646.] The relator's contention cannot be maintained.

The alternative writ is quashed. *Graves, Higbee, David E. Blair, Elder* and *Walker, JJ.*, concur.