THE CITY OF ST. LOUIS v. HERTHEL, *Appellant.*

St. Louis City : CHARTER : ARCHITECTS, LICENSING OF. The city of St. Louis has the authority, under its charter (art. 3, subdiv. 5, sec. 26), to require a license of a person exercising the business of an architect.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Klein & Fisse* for appellant.

The charter of the city of St. Louis does not confer upon the municipal assembly any authority to tax architects, and the ordinance upon which this prosecution is based is, therefore, void so far as it concerns those who pursue the calling of an architect. (*a*) Architects are not specifically named in the ordinance as objects of taxation. The power to tax must be derived, therefore,

from the general words following the enumeration. But it is familiar law that where general words follow an enumeration of specific things, they are restricted in their application to things of the same class or kind as those enumerated. Under this rule the general concluding words of the ordinance in question cannot be made to extend to architects, for the calling of an architect is not akin to any of the professions or callings enumerated. (b) The act of the general assembly enacted in 1879, relating to the taxing of certain professions, is an amendment of the charter of the city, and operates to eliminate from the charter the professions of the law and medicine. Omitting lawyers and doctors from the classification in the charter, all vestige of right to claim that architects are *ejusdem generis* with any profession named disappears. *City of St. Louis v. Laughlin*, 49 Mo. 559 ; *Sandman v. Breach*, 7 B. & C. 96 ; *Regina v. Reed*, 28 Eng. L. & E. 133.

*Ashley C. Clover* and *Leverett Bell* for respondent.

NORTON, J.—The defendant was prosecuted for conducting in the city of St. Louis the business of an architect without first having taken out a license as provided in an ordinance of said city. Judgment was rendered against him, which, on appeal to the St. Louis court of appeals, was affirmed, from which he has appealed to this court, and the only question involved in the appeal is the validity of the ordinance of the city which provides "that it shall not be lawful for any person to exercise within this city the business of * * * architect without a license therefor."

It is claimed by counsel for the city that the validity of said ordinance is established by section twenty-six, article three, subdivision five, of the charter, which confers upon the mayor and assembly the power "to license, tax, and regulate, lawyers, doctors, doctresses,

undertakers, dentists, auctioneers," and after specifying about fifty other pursuits, avocations and trades to which the charter provision applies, concludes with the following words: "and all other business, trades, avocations or professions whatever." On the other hand, it is contended that architects are neither named in the enumeration of avocations, which are required to be licensed, nor embraced in the general words following the enumeration. The proposition so earnestly and ably pressed upon our attention by counsel in the oral argument that whenever general words follow particular words of description, the general words do not enlarge the prior particular words, but are restricted in their application to classes similar to those specifically designated, is fully established by the authorities cited.

While we recognize the correctness of this rule, and using the language of Judge Bakewell, who delivered the opinion of the court of appeals, "must not enlarge the letter of the charter by giving it an equitable construction as in the case of a remedial statute; but we are to construe it according to the intent of the framers, and that intent must be gathered from the language and object of the charter provisions, and giving that language an interpretation neither strict nor strained. ' The words "all other business, trades, avocations or professions whatever," must not be wholly rejected. The maxim "*expressio unius est exclusio alterius*" is not to be so applied that the city is to be held powerless to tax any calling, not expressly named in its charter by its proper name. We think that architects are, for the purpose of construction here, to be held as *ejusdem generis* with lawyers, doctors, dentists and artists, as exercising a profession of technical character, for the useful exercise of which long and careful study, as well as some special experience is required. Lawyers and doctors belong to the learned professions, strictly speaking; perhaps artists and architects do not; but, nevertheless, neither

one profession nor the other is purely mechanical; and lawyers, doctors, architects and artists are all classed together as belonging to the liberal professions, and are all *ejusdem generis* in that respect. Judgment affirmed. All concur.