CITY OF AURORA, *Appellant*, v. McGANNON.

Division One, March 9, 1897.

1. **Cities of Fourth Class:** ORDINANCE: MERCHANT'S TAX: CONSTI-TUTIONALITY. An ordinance of a city of the fourth class that requires all merchants to pay a license of $2 if his stock amounts to less. than $1,000 and of $3 if it amounts to more than $1,000 and in addition an *ad valorem* tax on the value of the stock carried by him equal to the tax on real estate, and that fixes a fine against all merchants. who do business without having paid such license, is constitutional.

2. ————: PRACTICE: TRIALS DE NOVO ON APPEAL. Under the amendment to section 1646, Revised Statutes 1889, as made by section 44, Session Acts of 1895, page 75, the circuit court is authorized to try *de novo* appeals from the police judge by merchants convicted of doing business within a city of the fourth class without a merchants' license.

3. ————: ORDINANCE: MERCHANTS' LICENSE AND TAX. It is perfectly competent for the State to collect an *ad valorem* tax upon property used in a calling and at the same time to impose a license tax on a pursuit as a condition to the right to carry on that pursuit, and this power may be delegated to municipal corporations.

4. ————: ————: ————: STATUTE. Power is given by the statutes to cities of the fourth class to levy an occupation tax upon merchants and in addition thereto an *ad valorem* tax on their stock of goods; and also to impose a fine against the merchant if this tax is not paid, and these statutes are constitutional.

5. ————: MERCHANTS' LICENSE: CONSTITUTIONAL ORDINANCE. An ordinance which imposes a license of *$2* on merchants with a stock of less than $1,000 and of *$3* on merchants with a greater stock, is not in violation of the constitutional requirement that "taxes shall be uniform upon the same class of subjects."

*Appeal from Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED AND REMANDED.

*H. E. Ragsdale* for appellant.

(1) The statute granting the right of appeal from the judgment of the police judge does not give the right.

of trial *de novo*.   The circuit court should therefore
have affirmed the judgment of the police judge, on the
record, no error appearing therein.   1 R. S. 1889, sec.
1646, p. 457; *Lewis v. Nuckolls*, 26 Mo. 278; *Bernard
v. Callaway Co.*, 28 Mo. 37; *Colville v. Judy*, 73 Mo.
653; *Lacy v. Williams*, 27 Mo. 280; *McVey v. McVey*, 51
Mo. 406, *loc. cit.* 413.   (2) The city has a right to charge
a license tax.   Horr & Bemis, Mun. Police Ord., secs.
257–259, p. 251; *Same*, sec. 287, p. 276; *City of St.
Louis v. Green*, 7 Mo. App. 468; *City of St. Louis v.
Green*, 70 Mo. 562; *City of St. Louis v. Sternberg*, 69
Mo. 289; R. S. 1889, secs. 1589, 1603, 1604, 1605, 1900;
*Express Co. v. City of St. Joseph*, 66 Mo. 675, 680;
*DeArman v. Williams*, 93 Mo. 158.   (3)   The ordi-
nance in evidence is in perfect harmony with section 3,
article 10, of the State Constitution, and not in violation
of it, as claimed by respondent.   *State v. Addington*, 77
Mo. 110; *State ex rel. Harris v. Laughlin*, 75 Mo. 147;
*Phillips v. Railroad*, 86 Mo. 540; *Railroad v. Evans &
Howard Brick Co.*, 85 Mo. 307; *St. Louis v. Foster*, 52
Mo. 513, 515; *St. Louis v. Sternberg*, 69 Mo. 289; *Ex.
Co. v. St. Joseph*, 66 Mo. 675; *St. Louis v. Green*, 7
Mo. App. 468, 478; *Idem*, 70 Mo. 562; *St. Louis v. St.
L. & N. O. Trans. Co.*, 84 Mo. 156; R. S. 1889, sec.
7217, p. 1683; Cooley on Taxation [2 Ed.], pp. 169–171.
(4)   The inhibition of section 4, article 10, of the Con-
stitution, is against the taxation of property according
to its value on the assessment list of the assessor, and
not against a license tax.   *Glasgow v. Rowse*, 43 Mo.
479, 480; *St. Louis v. Bowler*, 94 Mo. 630; *St. Louis v.
Consolidated Coal Co.*, 113 Mo. 83.   (5)   It is not true,
that because the *ad valorem* tax on the license is in-
creased by $2 for small merchants and $3 for large
merchants, that the ordinance violates section 11,
article 10, of the Constitution.   *St. Louis v. Green*, 7 Mo.
App. 468, 475; *Same*, 70 Mo. 562; *DeArman v. Williams*,

93 Mo. 158. The ordinance is modeled after the State laws concerning merchants. R. S. 1889, ch. 3, p. 1617. (6) The city has a right to require a bond for the payment of the *ad valorem* tax on the license falling due October 1 next after issuing the license. 1 R. S. 1889, sec. 1605, p. 453; *Ex. Co. v. St. Joseph*, 66 Mo. 675; *Aurora Water Co. v. City of Aurora*, 129 Mo. 540, 576; *State v. Walbridge*, 119 Mo. 384, and cases cited. (7) The carrying on of the business being unlawful, the respondent is liable to the penalty prescribed by the ordinance. 1 R. S. 1889, sec. 1589, p. 446, also 1 R. S. 1889, sec. 1605, p. 453; *City of St. Louis v. Sternberg*, 69 Mo. 289, 299; *City of St. Louis v. Green*, 70 Mo. 562; *State v. Cox*, 32 Mo. 566; *State v. Willis*, 37 Mo. 192; *State v. Myers*, 63 Mo. 324; *St. Louis v. Green*, above cited.

*Carr McNatt*, with whom is *Edw. J. White*, for respondent.

(1) There is nothing in appellant's first contention. When the appeal was taken from the police judge to the circuit court of Lawrence county, such court was possessed of the cause *de novo*, or else the appeal was fruitless. *Boggs v. Brooks*, 45 Mo. 232; *St. Joseph v. Davenport*, 55 Mo. 572; sec. 1646, R. S. 1889; sec. 1639, R. S. 1889; *The Town of Carrollton v. Rhomburg*, 78 Mo. 547, *loc. cit.* 549; 1 Dillon, Mun. Corp. [4 Ed.], sec. 440; 2 Dillon, Mun. Corp. [4 Ed.], secs. 908, 927. (2) The appellant had no right to impose a license tax upon merchants. Its charter gave it no such power, and the statute prohibits it from so doing. R. S. 1889, sec. 1900; compare subdiv. 5, sec. 1029, R. S. 1889; subdiv. 17, sec. 1255, R. S. 1889; sec. 1506, R. S. 1889; with sec. 1589, R. S. 1889. If the authority was plainly conferred upon it, appellant

might "tax" the merchant upon the license issued by the State, but could not require him to take out further license, without special authority so to do,—no such authority is given in appellant's charter, and its act in that respect is utterly void. Cooley on Taxation [2 Ed.], p. 573, *et seq.*, note 3, and cases there cited; Cooley on Taxation [2 Ed.], p. 574; 1 Dillon, Mun. Corp., sec. 361; *Cairo v. Bross*, 101 Ill. 475; 2 Dillon, Mun. Corp., sec. 763; 1 Dillon, Mun. Corp., sec. 357; *State v. Bean*, 91 N. C. 554;. 13 Am. and Eng. Ency. Law, pp. 529, 530. (3) The appellant had no power to compel respondent to give a bond for the payment of his merchant's tax, and its attempt to imprison him for failing to do so was without the semblance of authority. Such power must be plainly given or necessarily inferred.    1 Dillon, Mun. Corp. [4 Ed.], sec. 87, *et seq.* and notes;    *City of Kansas v. Swope*, 79 Mo. 448; *Leach v. Cargill*, 60 Mo. 316; *St. Louis v. Bell Tel. Co.*, 96 Mo. 623; *State v. Bennett*, 19 Neb. 191; *Glasgow v. Rowse*, 43 Mo. *loc. cit.* 489, 490; 2 Dillon, Mun. Corp. [4 Ed.], sec. 818; *St. Louis v. Russell*, 9 Mo. 503.    (4) The ordinance under which respondent was tried is a plain violation of section 3, article 10, of the Constitution of Missouri; the tax sought to be collected was not uniform upon the same class of subjects within the territorial limits of appellant.    See appellant's abstract, pp. 11 and 12; section 3, article 10, Constitution of Missouri; Cooley on Taxation [2 Ed.], p. 169; R. S. 1889, secs. 6894 and -7764; *City of St. Louis v. Spiegel*, 75 Mo. 145; *City of St. Louis v. Spiegel*, 90 Mo. 588; Hor. and Bemis, Munc. Pol. Or., sec. 287, p. 276; 2 Dillon, Mun. Corp. [4 Ed.], sec. 750; Cooley on Taxation [2 Ed.], pp. 169, 170, 171; *St. Louis v. Bowler*, 94 Mo. *loc. cit.* 634; *St. Louis v. Cons. Coal Co.*, 113 Mo. *loc. cit.* 88.    (5) The tax sought to be collected was *"ad valorem"* in its nature, but not in pro-

portion to the value of the goods attempted to be taxed. It levied $2 for $999.99 valuation and $3 for only one cent more, and only $3 for $100,000 more. This is in plain violation of the Constitution of Missouri. Const., Mo., sec. 4, art. 10; R. S. 1889, sec. 6896; *Welton v. State*, 91 U. S. 275. "If this is not discrimination, what is it?" *St. Louis v. Spiegel*, 90 Mo. *loc. cit.* 593; Dillon, Mun. Corp. [4 Ed.], sec. 768; Cooley on Taxation [2 Ed.], 170, 171. (6) The ordinance sought to evade section 11, article 10, of the Constitution, which prohibited appellant from levying more than fifty cents on the $100 valuation for any purpose. It makes the value of the goods carried a basis for the amount of its levy; and at the same time tries to evade the effect of an illegal levy by calling it a "License Tax." Const., sec. 11, art. 10; *State v. Welton*, 91 U. S. 275.

BRACE, J.—The plaintiff is a city of the fourth class. The defendant is a merchant doing business in said city with a stock of goods of the value of $5,000.

By the ordinances of said city all merchants doing business in said city are required to take out a license; and it is provided that when the stock carried by any such merchant amounts to less than $1,000 he shall pay an annual license fee of $2, and when it amounts to more than $1,000 he shall pay an annual license fee of $3, and that he shall pay an *ad valorem* tax on the highest amount of his stock between the first Monday in March and the first Monday in June in each year equal to that which is levied upon real estate, and it is further provided that if such merchant does business without taking out such license he shall be deemed guilty of a misdemeanor and punished by a fine of not less than $5 nor more than $100.

The defendant did business in the year 1893 without taking out a merchants' license as required by the

ordinances, and in December of that year was proceeded against in the police court of said city, where he was fined $5, and from the judgment rendered therein against him for such fine and costs he appealed to the circuit court, where the case was tried upon an agreed statement of the facts and the court found and declared said ordinances unconstitutional, and rendered judgment for the defendant, from which the plaintiff appeals.

1. Appellant in his original brief contended that the circuit court committed error in trying the case *de novo*, on the appeal under the statute as it then existed (R. S. 1889, sec. 1646) and insisted that it should have been tried only on the record of the police court. But as in his reply brief he concedes that the ordinances in question are a part of the record, and the case was tried in both courts below under an agreed statement of facts and "the ordinance itself, which is the bone of contention here, was before the circuit court, and the question of trial '*de novo*' or 'on the record' is only a question of practice, so far as this case is concerned," we do not deem it necessary or profitable to rule upon this question of practice, since the ground of that contention has been removed as to any future case by an amendment to that section (Sess. Acts 1895, p. 73, sec. 44), and shall confine our consideration to the real question in the case, which is whether the provisions of the ordinances aforesaid are obnoxious to the Constitution and laws of the State.

2. By section 1588, article 5, chapter 30, Revised Statutes, 1889, the mayor, and board of aldermen of cities of the fourth class are granted the power "by ordinance, to levy and collect such taxes upon real and personal property within the city as shall be necessary for the purpose of the corporation" * * * and by section 1589, same article, they are granted the power

by ordinance "to tax merchants, peddlers, and to regulate the sale of liquors under merchants' license or otherwise," "to levy and collect taxes" * * * "and to enforce the same by fine" * * * "not exceeding one hundred dollars." Sections 1603 and 1604 prescribe the mode for levying the taxes provided for in section 1588, and section 1605 authorizes the board to provide by ordinance "for the levy and collection of all other taxes, including poll taxes, licenses, wharfage and other dues, and fix the penalties for neglect or refusal to pay the same." * * * The mode prescribed by the ordinances in question for levying and collecting the tax on merchants, is like unto that provided by statute for the levying and collecting of State taxes on merchants. R. S. 1889, chap. 111, secs. 6894–6897.

It is contended by counsel for the defendant that no power is given by statute to the plaintiff to impose a license tax on merchants and in support of that contention we are cited to section 1900, Revised Statutes 1889, which reads as follows: "No municipal corporation in this state shall have the power to impose a license tax upon any business avocation, pursuit or calling, unless such business avocation, pursuit or calling is specially named as taxable in the charter of such municipal corporation, or unless such power be conferred by statute." The contention so far as it is based on this section of the statute is sufficiently answered by the quotation hereinbefore made from the statute governing cities of the fourth class, in which the avocation of a merchant is specially named as subject to taxation by such cities, and being so named, this section, instead of prohibiting such a tax, implies the power to levy a license tax upon such occupation. In support of this contention we are next cited to the fact that in the grant of power to cities of the first, second and third class, the word "*license*" is used in immediate connec-

tion with the word *"tax"* (R. S. 1889, secs. 1029, 1255, and 1506)—and from the fact that it is not so used in the grant of power to cities of the fourth class it is argued, that it was not the intention of the Legislature that cities of the fourth class should have the power of taxing merchants by way of license.   The force of this argument, if it has any, is, however, somewhat impaired by the fact that the two words are used in the same connection in the grant of power to *villages*, as in the grant to cities of the first, second and third classes, and no good reason can be given. why the power should be conferred on the municipalities of all other classes above and below, and be denied to cities of the fourth class.

A complete answer to the argument is, however, to be found in the fact that the powers granted to each class is, in our statutes, made the subject of a separate and distinct article, each constituting the charter of the class to which it is made applicable, and the powers of each are to be measured by the terms thereof, and the real question is, can the disputed power be found within those terms.   "It is perfectly competent for the state to collect an *ad-valorem* tax upon property used in a calling, and at the same time impose a license tax on the pursuit as a condition to the right to carry on the pursuit; and this power may be delegated to municipal corporations."   *City of St. Joseph v. Ernst*, 95 Mo. loc. cit. 367; *City of St. Louis v. Green*, 70 Mo. 562; 7 Mo. App. 468; *Am. Union Express Co. v. City of St. Joseph*, 66 Mo. 675.   Ever since 1859, merchants in this State have been taxed upon their stock in trade in the manner provided for in these ordinances.   Sess. Acts 1858, 1859, p. 53; G. S. 1865, chap. 93; R. S. 1879, sec. 6313, *et seq.*, in which they are required to give bond to secure the payment of the *ad valorem* tax, and take out license in order to do business.   The *ad valorem* tax which they pay under this system is not a

license or occupation tax, but a personal property tax, authority to levy which is expressly given by section 1588, *supra*. *State ex rel. v. Tracy*, 94 Mo. 217. Now, if this were all the power of taxation intended to be granted to cities of the fourth class all the provisions of the statute quoted, in the subsequent section thereof, whereby, in addition to the *ad valorem* tax, express and like power is given to tax merchants, as to tax peddlers, and to regulate the sale of liquors under their license as such, to levy and collect such taxes, and to enforce the same by fine, and to provide by ordinance for the levy and collection of such other tax, would be meaningless, and, so far as merchants are concerned, might as well be eliminated from the statute. This of course can not be done, without violating fundamental canons of construction applicable as well to legislative grants of power to municipalities as to all other legislation. There can be no doubt that by the terms of this statute power is given to cities of the fourth class to levy an occupation tax upon merchants as well as an *ad valorem* tax on their stock in trade. The statute does not provide the mode by which the power to levy and collect such tax shall be executed, but leaves it to the city to do so by ordinance, as may well be done, and the city might well adopt the reasonable mode provided in these ordinances for levying and collecting such taxes. *City of St. Louis v. Sternberg*, 69 Mo. 289; *Express Co. v. City of St. Joseph*, 66 Mo. 680; *State ex rel. v. Walbridge*, 119 Mo. 383; *Water Co. v. City of Aurora*, 129 Mo. 576. It is a familiar principle that a grant of power takes with it the necessary incidents to make that power effectual; also where power to do an act "is conferred upon a municipal corporation in general, terms without being accompanied by any prescribed mode of exercising it. The common council, or governing body, necessarily

have, to a greater or less extent, a discretion as to the manner in which the power shall be used." 1 Dillon, Mun. Corp. [4 Ed.], sec. 94. And such discretion is not subject to judicial control except in a plain case of abuse thereof. *Ib.*, authorities in note 2. This brings us to the constitutional questions raised in this case.

3. In the year 1893, the city levied against the defendant's stock in trade fifty cents on the $100 for general revenue and a special tax of twenty-five cents on the $100 for City Hall bond tax. This tax was levied upon the property of the defendant in proportion to its value as required by section 4, article 10, of the Constitution, and to its constitutionality no objection is, or can be, urged. In addition, as we have seen, the city had power to and did levy upon defendant a license or occupation tax of $3. The ordinance by which this tax was levied, however, it is contended, is obnoxious to section 3 of the same article which provides that taxes "shall be uniform upon the same class of subjects, within the territorial limits of the authority levying the tax," in that, an annual tax of $3 is thereby levied upon all merchants whose stock in trade amounts to more than $1,000 and only $2 upon those whose stock amounts to less than $1,000. The tax thus imposed is uniform, in that it is imposed upon every subject of the class named. While perfect equality of taxation may be unattainable, the purpose of this constitutional enactment is to secure equality as far as practicable.

The subject of taxation in this instance is an occupation. When so applied does this section of the Constitution mean that the same amount of tax *must* be imposed on each individual engaged in that occupation? Or that the tax to be imposed upon that class of subjects is to be just and equal as between the individuals of that class, as near as may be? The tax must

undoubtedly reach all of the class, but as Judge COOLEY says: "Within the class taxed, there may be rules of distinction; and these are perfectly admissible, provided they are general rules and are observed. If a state, for example, were to decide to levy an occupation tax upon one of the learned professions, it might decide to lay the same tax upon each member, or it might discriminate so that the tax should be proportioned to the professional income. Either course would be admissible, provided the rule were made general, though the latter may be the more equitable." Cooley on Tax. [2 Ed.], p. 170. By the ordinances of the city of St. Louis every person exercising the profession or doing business as a lawyer in that city was required under penalty to take out an annual license, and pay therefor the sum of $25. In the *City of St. Louis v. Sternberg*, 69 Mo. 289, it was urged that these ordinances were obnoxious to the provisions of this section of the Constitution "in this, that it demands of every lawyer the same amount of tax without reference either to the income, emoluments or profits of his practice as such" to which the court replied: "That the *latter might be a more just method of exercising the power than the former, may not be denied*, but such an argument addresses itself more properly to the municipal assembly than to us, and we think it is 'fully answered in the case of the *Am. Un. Ex. Co. v. City of St. Joseph*, 66 Mo. 675, and *Glasgow v. Rowse*, 43 Mo. 479, where it was held that when municipalities having the power to tax callings, trades and professions, tax alike all persons engaged in the same business, such taxation is equal and uniform." The principle laid down by Judge COOLEY is here plainly recognized; as it has been in other cases in this State. *City of St. Louis v. Green*, 70 Mo. 562; 7 Mo. App. 468; *Glasgow v. Rowse*, 43 Mo. 479; *City of St. Louis v. Bowler*, 94 Mo. 634.

In this last case it was said: "The only prohibition of the section being discussed is that which forbids inequality, favoritism, to be exercised in imposing taxes upon the same class of subjects. So long as this is not done, the constitution is not infringed, nor the rules of uniformity and equality violated. Cooley on Tax. [2 Ed.], 170 and 171, and notes." This principle has long been applied by the legislature in the classification of peddlers for the purpose of taxation (R. S. 1889, sec. 7217). That "the requirement of equality and uniformity does not preclude the division of things taxable into classes, and the imposition of taxes, which, while bearing equally upon the different members of each class, bear unequally upon the classes in the aggregate," and that "a legislative division of this sort can not be interfered with by the courts," are general rules recognized everywhere. 25 Am. and Eng. Ency. of Law, p. 62, and cases cited in notes 1 and 2.

"To fix arbitrarily a specific tax for all licenses would be grossly unequal and far from uniform * * *. The requisites of the constitution may be carried out by a uniform tax on licenses to persons following the same pursuit, under the same conditions and circumstances; a difference therein will justify a discrimination in the tax." *Slaughter's* case, 13 Grat. *loc. cit,* 776. "A license tax ought to be proportioned as nearly as practicable to the value of the privilege." *Ould & Carrington v. City of Richmond*, 23 Grat. 473.

Applying these principles to the case in hand, the ordinances in question can not be held to be obnoxious to section 3, article 10 of the Constitution. We think, therefore, the learned judge erred in holding the ordinances unconstitutional, and the judgment will be reversed and the cause remanded to the circuit court with directions to affirm the judgment of the police court. All concur.