CITY OF ST. CHARLES ex rel. LYMAN L. PALMER, City Collector, v. WILLIAM SCHULTE, Appellant.

Division One, July 31, 1924.

1. **OCCUPATION TAX: Authority To Levy: Soft Drinks: Include Near-Beers.** Cities of the third class are expressly authorized by statute (Sec. 8322, R. S. 1919) to levy and collect a license tax "on soft drinks and ice-cream stands and vendors," and those words in-

St. Charles ex rel. Palmer v. Schulte.

clude "non-intoxicating near-beers, or beverages manufactured wholly or in part from malt or malt substitutes." They are so included by popular acceptation (of which courts take judicial notice), and they have been expressly classified as soft drinks by legislative act (Sec. 5961, R. S. 1919).

2. ————: **Uniformity: Constitutional Requirement.** Section 3 of Article 10 of the Constitution, providing that taxes shall be uniform upon the same class of subjects, within the territorial limits of the authority levying them, applies to occupation taxes. If the tax is levied by a city of the third class the ordinance authorizing it must be so drawn as to prevent discrimination between objects belonging to the same class of subjects within the city. [Following St. Louis v. Spiegel, 75 Mo. 145.]

3. ————: ————: **Reasonable Classification.** Under the general power delegated by the Legislature to cities of the third class to levy and collect a license tax on vendors of soft drinks, such a city is not bound to levy the same amount of tax upon all vendors of soft drinks, but in its discretion can divide them, upon a reasonable basis, such as the amount of business done or the specific character of the drinks sold, into classes, and fix a different tax for each class. It can, for instance, fix a tax of $200 a year upon vendors of all kinds of soft drinks, such as near-beers or non-intoxicating malt beverages, sodas and coca cola; or $180 a year upon vendors of near-beers or non-intoxicating beverages alone; or $25 a year upon vendors of only sodas and coca cola; or it can impose a tax upon vendors of near-beers without imposing any tax at all upon vendors of other soft drinks.

4. ————: **Unreasonably Large.** Only those excise laws whose general operation is confiscatory and oppressive are unconstitutional. Because defendant's annual sales of near-beers do not exceed $1800 and his profits $450, it cannot be held that the ordinance levying an annual tax of $180 upon all vendors of near-beers is so unreasonable, confiscatory and oppressive as to be unconstitutional.

Headnote 1: Intoxicating Liquor: 33 C. J. pars. 15, 102; Headnotes 2 to 4: Taxation: 37 Cyc. 733.

Appeal from St. Charles Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

AFFIRMED.

*Emil P. Rosenberger* for appellant.

The license fee in question, $180 per annum, to be paid by a retail dealer in near-beers in a city of the third class, is unquestionably a tax, and the ordinance is unconstitutional, void and unenforcible. City of Fulton v. Craighead, 164 Mo. App. 90; City of Independence v. Cleveland, 167 Mo. 384; State ex rel. Rolston v. Railroad, 246 Mo. 512; Weisberger v. Boatmen's Bank, 280 Mo. 199; City of Brookfield v. Tooey, 141 Mo. 619; Kansas City v. Grush, 151 Mo. 128.

*William F. Achelpohl* for respondent.

(1) The license tax imposed under the ordinance is an occupation license tax, which the city had authority to impose on the business of a soft-drink vendor. Sec. 8322, R. S. 1919. See also Section 5961 for what the Legislature understood and desired to be understood by the term "soft drinks." City of El Dorado Springs v. Highfill, 268 Mo. 501. (2) Being an occupation license tax levied by an ordinance passed by virtue of an express power conferred upon the city, said ordinance is not invalid under the provisions of Section 3, Article 10, of the Constitution, because this section of the Constitution has no applicaton to occupation license taxes. Glasgow v. Rowse, 43 Mo. 489; St. Louis v. Green, 70 Mo. 562; Richmond v. Creel, 253 Mo. 256; St. Louis v. United Rys. Co., 263 Mo. 387; St. Louis v. Baskowitz, 273 Mo. 554. (3) The municipality, in imposing the occupation license sued for, acted in a legislative capacity, under express power conferred upon it, and was required to fix the amount, the manner and mode of such tax, and determine the subjects for such taxation within the limits of such authorized subjects, as it deemed expedient and appropriate, and nothing but the most indubitable unfairness and unreasonable oppression as to leave no room for difference of opinion concerning the matter, will authorize the courts to interfere; all reasonable doubts being resolved in favor of the

municipality.  Wagner v. St. Louis, 284 Mo. 410; St. Louis
v. United Rys. Co., 263 Mo. 387; State ex rel. v. Clifford,
228 Mo. 194.

RAGLAND, J.—This is an appeal by defendant from
a judgment recovered against him by the city of St.
Charles for an occupation tax imposed by one of its ordi-
nances on vendors of soft drinks.  The ordinance, so far
as material to the questions involved in this controversy,
was as follows:

"Section 69.  *Soft Drink Vendors.*  Any person, firm
or corporation engaged in the business of selling or vend-
ing soft drinks or non-intoxicating liquors such as bottled
sodas of any kind, or soda pop, coca cola, ginger ale, or
other drinks, or any near-beer or so called beverage made
or manufactured wholly or in part from malt or malt
substitutes, whether sold in or from bottles or kegs or
other containers, from or at any stand, store, stall or
place of business in said city, and consumed, or to be con-
sumed, at, in or near such stand, store, stall or place of
business where sold, shall pay a license tax therefor, as
follows:

"A.  If selling or dealing in any such soft drinks
and beverages other than near-beer or beverages made
or manufactured wholly or in part from malt or malt
substitutes, the sum of $25 per year.

"B.  If selling or dealing in any non-intoxicating
near-beers or so-called beverages made or manufactured
wholly or in part from malt or malt substitutes, the sum
of $180 per year.

"C.  If selling or dealing in sodas and other soft
drinks, as well as such near-beers or non-intoxicating
malt beverages as aforesaid, the sum of $200 per year.

"Provided, that nothing in this ordinance shall
authorize any licensee or other person to sell or deal
in intoxicating liquors of any kind."

Defendant was engaged in selling, in the city of
St. Charles, soft drinks of all kinds, including "non-intox-

icating near-beers or so-called beverages made or manufactured wholly or in part from malt or malt substitutes." He paid to the city of St. Charles the license tax of $25 as provided in subdivision "A" of the ordinance, but refused to pay the additional sum required for selling near-beers. Such refusal is the basis of this litigation.

The validity of the ordinance is challenged by appellant on two principal grounds: first, the city of St. Charles was without authority to impose a license tax upon a vendor of near-beers; and, second, the ordinance violates the constitutional requirement (Section 3, Article X) that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

St. Charles is a city of the third class. As such it was expressly authorized by Section 8322, Revised Statutes 1919, "to levy and collect a license tax on . . . soft drinks and ice-cream stands and vendors." That "non-intoxicating near-beers or . . . beverages . . . manufactured wholly or in part from malt or malt substitutes" are included within the term soft drinks is scarcely open to question. They are so included by popular acceptation, of which we take judicial notice, and they have been expressly classified as soft drinks by the Legislature itself in a subsequent act. [Sec. 5961, R. S. 1919.]

Respondent asserts that Section 3 of Article X of the Constitution, which provides that taxes shall be uniform upon the same class of subjects, does not apply to occupation license taxes. To this we are unable to give our assent. This provision first appeared in the organic law of this State upon the adoption of the present Constitution. The question whether it applied to an occupation tax as distinguished from a property tax came before this court for determination for the first time in St. Louis v. Spiegel, 75 Mo. 145. It was there held to apply to such a tax and to prevent discrimination

between objects belonging to the same class of subjects within the territorial limits of the authority levying the tax. That holding has been followed in many subsequent opinions. [St. Louis v. Bowler, 94 Mo. 630; St. Louis v. Coal Co., 113 Mo. 83; Kansas City v. Grush, 151 Mo. 128; State v. Ashbrook, 154 Mo. 375; State v. Bengsch, 170 Mo. 81.] Notwithstanding what is said *arguendo* in Wire Co. v. Wollbrinck, 275 Mo. l. c. 356, and St. Louis v. United Railways Co., 263 Mo. l. c. 449, the Spiegel case and those following it have never been overruled, and ought not to be except upon the fullest consideration. The principle of equality and unformity as applied to the distribution of the burdens of taxation is so salutary and so just that it is given recognition in many jurisdictions without constitutional compulsion. [1 Cooley Tax. (4 Ed.) 348.]

The constitutional requirement of uniformity as applied to taxes on occupations is satisfied when the burden imposed falls alike on all persons who are in substantially the same situation. [City of Aurora v. McGannon, 138 Mo. 38, 49.] "Within the boundaries of this limitation lie broad fields of legislative discretion which should not be invaded by the courts." [In re Watson, 17 S. D. 486.] The Legislature delegated to cities of the third class, as it was competent for it to do, authority to levy and collect a license tax on the vendors of soft drinks. Under this general power so delegated it the city of St. Charles was not bound to levy the same amount upon all vendors of soft drinks. It could in its discretion divide them upon any reasonable basis into classes, as for example, the volume of business done (City of Aurora v. McGannon, supra), or the specific character of the drinks sold (In re Watson, supra), and fix a different tax for each class. [1 Cooley Tax. (4 Ed.) 353.] Upon the same principle peddlers have long been classified in this State for the purpose of taxation. [Sec. 9259, R. S. 1919.]

There can be no doubt but that under well settled principles respondent was not bound to levy and collect

a license tax upon vendors of all kinds of soft drinks, if it imposed a tax upon the vendors of any. It could in its discretion have imposed a tax upon those who engaged in selling near-beers without imposing any at all upon the vendors of other soft drinks. [Carroll v. Wright, 131 Ga. 728; Coca-Cola Co. v. Skillman, 91 Miss. 677.] It is difficult, therefore, to see how the imposition of a greater tax upon the former than upon the latter constitutes an unlawful discrimination. We are unable to find any valid ground for holding the ordinance obnoxious to the constitutional provision invoked.

It was shown that appellant's annual sales of near-beers did not exceed $1800 and that his profits thereon did not exceed $450. On these facts the further contention is made that the tax is "confiscatory, unreasonable and oppressive." They do not afford a sufficient basis for the determination of the constitutionality of the ordinance in that respect. Only those excise laws whose general operation is confiscatory and oppressive are unconstitutional. [Ohio Tax cases, 232 U. S. 576.]

The judgment of the circuit court is affirmed. All concur.