**David FRASHER, Appellant,**

v.

**Robert SPRADLING, et al., Respondents.**

**No. WD 39236.**

Missouri Court of Appeals, Western District.

Jan. 12, 1988.

Michael W. Manners, Independence; Paden, Welch, Martin & Albano, of counsel; for appellant.

George E. Kapke and Rebecca L. Campbell, Independence; Campbell, Morgan, Gibson & Kramer of counsel; for respondents.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

PRITCHARD, Presiding Judge.

Appellant is a police officer with the City of Independence, Missouri. In 1985, he participated in the arrest of an armed robbery suspect who was to be tried in the Circuit Court on February 4–5, 1986. Appellant was notified by the prosecutor that he might be needed to testify on those days, and he received a "standby notice" from the police department's detective bureau which informed him of the trial setting and instructed him to contact the prosecutor if there was a question, which he did. He was instructed to be by the phone from 9:00 a.m. to 6:00 p.m. on the trial dates. These days were appellant's regular days off, but he was not called to testify on either of the days. The facts are not in dispute.

Appellant filed a grievance seeking review before respondents, Personnel Advisory Board, of the Police Department's deci-

sion to allow him a total of four hours "standby" pay upon his request to be allowed a total of eighteen hours for the two days.

Respondents affirmed the Police Department's decision, stating: "It is the opinion of this Board that the standby pay provision was intended to be compensation for inconvenience only and as a result, the intent of the provision is to compensate an employee placed on standby during off duty hours for *only* two hours pay regardless of the length of time the said employee may be placed on standby." The trial court affirmed the Board finding that it did not misapply or misdeclare the law as set out in Article VI, Section B, Paragraph 8(a) [infra], of the Personnel and Policies Procedures of the City of Independence.

The ordinance in question, in pertinent parts, is: "An Employee required to use 'standby' during an off duty period shall be entitled to a *minimum* of two hours pay at the rate of one and one-half (1–½) times his/her hourly rate. 'Standby' in this paragraph is defined to mean an employee who must maintain contact with an office, and to be able to report within a period of 30 minutes from the time contacted. * * *." [Italics added.]

Appellant contends that the trial court erred in finding that respondents properly declared the meaning of the standby pay ordinance which provides that employees required to standby during off-duty periods are entitled to a minimum of two hours pay. He says respondents interpreted the language of the ordinance to mean that the maximum amount of standby pay to which an employee is entitled is two hours, and that the trial court's ruling is in error because it disregards the plain language of the ordinance and the elementary rule of statutory construction that that which is clearly implied by a statute is deemed to be a part thereof.

The task which this court has before it is to construe the ordinance as it applies to off-duty standby employees. In so doing the rules governing the construction of statutes apply. *Automobile Gasoline Co. v. City of St. Louis*, 326 Mo. 435, 32 S.W.2d 281, 284[4, 5] (1930), "Each 'word, clause, sentence, and section' of a statute should be given meaning." *State ex rel. Mo. State Bd. v. Southworth*, 704 S.W.2d 219, 225 (Mo. banc 1986); and "The primary rule of construing statutes and ordinances is to ascertain and give effect to the legislative intention. In so doing, words of common use are construed in accordance with their natural and ordinary meaning." *St. Louis County v. State Highway Commission*, 409 S.W.2d 149, 152[3, 4] (Mo.1966). See also *Roeder v. City of Town & Country Bd. of Adj.*, 726 S.W.2d 500, 502[2] (Mo.App.1987).

The respondents' construction of the word "minimum" in the ordinance is a matter of law only, and their decision thereon is not binding on this court. *Wolf v. Missouri State Training School for Boys*, 517 S.W.2d 138, 142 (Mo. banc 1974). The decision of the administrative agency on this question of law does not preclude, restrict or control review of the issue in this court. *Ceramo Co., Inc. v. Goldberg*, 650 S.W.2d 303, 304 (Mo.App.1983). See also *M.V. Marine Co. v. State Tax Comm'n of Mo.*, 606 S.W.2d 644, 647 (Mo. banc 1980).

In 58 C.J.S. Minimum (1948) the word "minimum" is defined as: "The least possible quantity, amount or degree that can be assigned in a given case under fixed conditions; or the smallest possible amount or degree; least; smallest. It is the opposite of 'maximum'." See also Black's Law Dictionary, 898 (5th Ed.1979). Contrarily, " 'Maximum' is universally defined to mean the highest or greatest amount, quality, value or degree; * * * also, the greatest or highest allowed by law or authority. It is the opposite of 'minimum'." 57 C.J.S. Maximum (1948).

Thus, in accordance with ordinary meaning, the word "minimum" in this case means that the *least* possible amount that appellant would be entitled to for standby pay during his off duty hours is two hours pay at the rate of 1–½ times his hourly rate. What respondents did here was to apply a *maximum* of two hours compensation regardless of the time appellant was placed on standby. That was in error be-

cause the ordinance says nothing about maximum compensation in this situation. Because the word "minimum" is subject to a well-established meaning, and is not ambiguous, there is no necessity to look further to ascertain another legislative intent—that is expressed in the word used in the ordinance.

The judgment is reversed and the case is remanded to the trial court for further remand to respondents with directions to compute the amount of standby pay due appellant for the total number of hours he spent on standby at 1–½ times his hourly rate.

All concur.